UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-62403-COHN/VALLE

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

      Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 76.128.20.39, an individual*,*

      Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

This cause is before the Court on Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (ECF No. 8) (the "Motion"). All discovery and discovery-related motions have been referred to the undersigned for appropriate disposition. (ECF No. 7 at 2). Having reviewed the Motion, the record, and being otherwise fully advised in the premises, the Motion is **GRANTED** for the reasons set forth below.

Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, a court may nonetheless order that discovery be taken before this conference. Fed. R. Civ. P. 26(d)(1). Indeed, Rule 26(b) authorizes a court to "order discovery of any matter relevant to the subject matter involved in the action" when the court finds there is good cause to do so. Taken together, these rules permit a court, upon a finding of good cause, to issue an order allowing a party to serve a third-party subpoena before the Rule 26(f) conference. *See MJ Cap. Funding, LLC v. Doe*, No.

21-CV-60841, 2021 WL 10191651, at *1 (S.D. Fla. Apr. 21, 2021); *Malibu Media, LLC v. Doe*, No. 14-CV-61957, 2014 WL 12605502, at *1 (S.D. Fla. Sept. 30, 2014); Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on Comcast Cable Communications, LLC ("Comcast"), the Internet Service Provider ("ISP") listed on Exhibit A, to learn Defendant John Doe's identity. *See* (ECF No. 1-2 at 1-3). It is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion (ECF No. 8) is **GRANTED**.

2. Plaintiff may serve Comcast with a subpoena pursuant to Federal Rule of Civil Procedure 45 to determine the name and address of the person to whom Comcast has assigned the IP address 76.128.20.39. Plaintiff may also serve a Rule 45 subpoena seeking the same information on any other ISP that may be later identified in response to the initial subpoena to Comcast.

3. Plaintiff shall include a copy of the Complaint (ECF No. 6) and this Order with any subpoena and, if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5),[1] this Order shall then be considered an appropriate court order under 47 U.S.C. § 551.[2]

4. Any ISP that receives a subpoena pursuant to this Order shall provide written notice to the subscriber within 21 days of service of the subpoena, informing the subscriber that identifying information has been sought pursuant to a Rule 45

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose [personally identifying information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 522(c)(2)(B).

subpoena and that the subscriber has the right to challenge that subpoena in court (as set forth herein).  The ISP shall additionally provide a copy of this Order with the written notification.

5.  The subscriber shall have 14 days from the date of the ISP's written notification to move to quash or otherwise challenge Plaintiff's subpoena.  The subscriber must serve a copy of his or her motion upon both Plaintiff's counsel and the ISP.

6.  The ISP shall produce the subpoenaed information to Plaintiff no earlier than 21 days after written notification has been provided to the subscriber.  If, however, the subscriber moves to quash or otherwise challenges the subpoena, the ISP shall not disclose the subpoenaed information to Plaintiff until the Court has resolved the subscriber's challenge.

7.  Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information until either the ISP has delivered such information to Plaintiff or the Court renders a final determination that excuses the ISP's compliance with the subpoena.

8.  Any ISP that receives a subpoena pursuant to this Order may not charge Plaintiff in advance for providing the information requested in the subpoena.  An ISP may, however, elect to charge Plaintiff a reasonable amount for the costs of production. If necessary, the Court will resolve any dispute between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

9.  Any information disclosed to Plaintiff in response to a subpoena may only be used by Plaintiff for the purposes of protecting and enforcing its rights as set forth in its Complaint.  *See* (ECF No. 6).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 27, 2025.

 _____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. Senior District Judge James I. Cohn
All Counsel of Record